NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAY L THOMAS, | : | Civil Action No. 15-8093 (CCC) |
| Petitioner, | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| PROGRAM FOR ASSERTIVE TREATMENT, | : | |
| Respondent. | : | |

**CECCHI, District Judge.**

*Pro se* Petitioner Jay L. Thomas, who appears to be an involuntarily committed individual at the Greystone Hospital in Morris Plains, New Jersey, seeks to file a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. On December 23, 2015, the Court administratively terminated the matter, due to Petitioner's failure to satisfy his filing fee obligation. (ECF No. 3 at 1.) The Court afforded Petitioner 30 days to cure the deficiency. (*Id.* at 2.) Now, more than two years later, Petitioner submits two applications to proceed *in forma pauperis*. (ECF Nos. 4-5).

Petitioner's applications are denied. Although the Court stated in its previous order that Petitioner's case would be deemed filed on the original filing date once the fee obligation was satisfied, (*id.* at 1), that was contingent upon Petitioner's compliance within the time limit set forth by the Court. Petitioner's submissions, made more than two years later, are not only untimely, but evidence his failure to prosecute his case. As such, Petitioner's applications are denied and the case is dismissed with prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962) ("[A] District Court may dismiss a complaint for failure to

1

prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting."); *Santos v. United States*, 655 F. App'x 51, 52 n.1 (3d Cir. 2016) ("A District Court also has authority to dismiss an action sua sponte under [Rule 41(b)]." (citing *Link*, 370 U.S. at 630-31)).

IT IS therefore on this ___31___ day of ___May___, 2018;

ORDERED that the Clerk shall **REOPEN** the case by making a new and separate docket entry reading "CIVIL CASE REOPENED"; it is further

ORDERED that Petitioner's *in forma pauperis* applications, ECF Nos. 4-5, are hereby **DENIED**; it is further

ORDERED that the Petition is hereby **DISMISSED WITH PREJUDICE**; and it is further

ORDERED that the Clerk shall serve this Order upon Petitioner, and shall **CLOSE** the file.

Claire C. Cecchi
United States District Judge